IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:07cv007-MHT |
| DOTHAN SECURITY ) | |
| INCORPORATED, ) | (WO) |
| ) | |
| Defendant. ) | |

OPINION

The court now has before it the motion to proceed in forma pauperis filed by plaintiff Angela Denise Nails, who is a frequent litigant in the Middle District of Alabama. So far this year, in what is developing into a clear abuse of the legal process, she has brought 21 lawsuits in forma pauperis, of which 15 have already been summarily dismissed.

It is well established that a two-step procedure should be followed in processing a complaint filed pursuant to 28 U.S.C. § 1915. "First, the district court

should determine whether the plaintiff satisfies the economic eligibility criterion under 28 U.S.C. § 1915(a)[(1)]. Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees."[1] Woodall v. Foti, 648 F.2d 268, 271 (5th Cir. June 1981) (per curiam); see also Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985).[2]  Second, once leave has been granted, this

---

   1.   Section 1915(a)(1) provides:

   "Subject to subsection (b), any court of
   the United States may authorize the
   commencement, prosecution or defense of
   any suit, action or proceeding, civil or
   criminal, or appeal therein, without
   prepayment of fees or security therefor,
   by a person who submits an affidavit
   that includes a statement of all assets
   such prisoner possesses that the person
   is unable to pay such fees or give
   security therefor. Such affidavit shall
   state the nature of the action, defense
   or appeal and affiant's belief that the
   person is entitled to redress."

   2.   In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the
(continued...)

provision allows the district court to dismiss the complaint prior to service of process if it determines the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and thus the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." Woodall, 648 F.2d at 271; see also Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). The motion filed by Nails satisfies the economic eligibility criteria of § 1915(a)(1). Accordingly, the complaint may be filed without prepayment of fees.

The court is, however, of the view that Nails's complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i)-(iii). Federal district courts are empowered to hear cases only by express congressional grants of jurisdiction. Therefore, to invoke the

---

2. (...continued)
close of business on September 30, 1981.

jurisdiction of such courts a complaint must affirmatively and distinctly allege the statutory basis for the jurisdiction.  2 J. Moore et al., Moore's Federal Practice § 8.03[1] (3d. ed. 2006); 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d. § 1206 (2005 & Supp. 2006); see also, e.g., McNutt v. General Motors Acceptance Corporation of Indiana 298 U.S. 178, 189 (1936); Kirkland Masonry v. Commissioner of Internal Revenue, 614 F.2d 532, 533 (5th Cir. 1989) (per curiam).  A plaintiff can, for example, assert either diversity-of-citizenship jurisdiction, 28 U.S.C. § 1332, or federal-question jurisdiction, 28 U.S.C. § 1331, if the evidence she has supports such jurisdiction.  Nails's complaint fails to do either, and it is evident from her complaint that jurisdiction cannot be established.  She asserts, essentially, a claim between two Alabama citizens in which the plaintiff claims the defendant failed to discharge or relocate one of its employee, a seemingly

breach-of-contract claim which belongs in state court to the extent it belongs anywhere.

Nails's complaint therefore should be dismissed before service on the defendant pursuant to § 1915(e)(2)(B)(i)-(iii).  See <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>see also</u> <u>Bilal</u>, 251 F.3d 1346.

An appropriate judgment will be entered.

DONE, this the 8th day of January, 2007.

<u>    /s/ Myron H. Thompson    </u>
**UNITED STATES DISTRICT JUDGE**